UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**RAY ANTHONY BETHEL**                     **CASE NO. 6:23-CV-01156**

**VERSUS**                                 **JUDGE ROBERT R. SUMMERHAYS**

**BRIGHTSPRING HEALTH-RESCARE OF**         **MAGISTRATE JUDGE DAVID J. AYO**
**LAFAYETTE ET AL**

## MEMORANDUM RULING

Now before this Court is a MOTION TO WITHDRAW DEEMED ADMISSIONS filed by Plaintiff Ray Anthony Bethel. (Rec. Docs. 18).  Defendant Normal Life of Lafayette, Inc.[1] filed an opposition (Rec. Doc. 22) to which Bethel replied (Rec. Doc. 23).

Normal Life propounded the following requests for admissions on or about January 8, 2024:

**REQUEST FOR ADMISSION NO. 1:**

Admit that you signed the offer letter dated July 8, 2022, and attached hereto as Exbibit "A".

**REQUEST FOR ADMISSION NO. 2:**

Admit that you did not enter into a written employment contract with Normal Life of Lafayette, Inc. for a specified term of employment.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Normal Life of Lafayette, Inc. did not guarantee employment for any specific period of time.

**REQUEST FOR ADMISSION NO. 4:**

Admit that you did not suffer any damages as a result of any act or omission of Normal Life of Lafayette, Inc.

---

[1] Normal Life asserts that it is incorrectly named in this suit as Brightspring Health-Rescare of Lafayette. (Rec. Doc. 22 at p. 1).

**REQUEST FOR ADMISSION NO. 5:**

Admit that you have no damages as a result of the matters set forth in you Petition for Damages.

(Rec. Doc. 22-1 at pp. 1-2).

Pursuant to FED. R. CIV. P. 36(a)(3), Bethel's responses were due on or before February 7, 2024. Bethel's motion admits that no response to Normal Life's discovery was provided within the thirty-day delay provided under FED. R. CIV. P. 36(a)(3) and, as a result, all requests were deemed admitted as a matter of law. (Rec. Doc. 18). On March 26, 2024, Normal Life filed its first Motion for Summary Judgment, which remains pending at this time. (Rec. Doc. 15). Bethel filed the instant motion to withdraw the deemed admissions to the above-listed requests on April 16, 2024. (Rec. Doc. 18).

A party seeking to withdraw admissions may seek an order from the Court permitting such withdrawal under FED. R. CIV. P. 36(b). The movant must show that the relief requested (1) will promote the prosecution of the merits of the action and (2) will not prejudice the party who obtained the admission. Even where a movant satisfies these criteria, the court retains the discretion to deny relief. *Le v. Cheesecake Factory Restaurants, Inc.*, 2007 WL 715260 at *2 (5th Cir. 2007) (citing *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Factors considered when assessing the first prong of this analysis are:

> whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case; whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.

*Id.*, (internal citations omitted). In assessing the second prong of this analysis, courts consider factors such as prejudice arising from the timing of the motion to withdraw in relation to the deadline for the filing of dispositive motions and special difficulties caused

by a sudden need to obtain evidence on an issue previously admitted. *Id.* at *3 (internal citations omitted).

Bethel's motion attaches the following proposed responses to the subject requests for admission:

> **REQUEST FOR ADMISSION NO. 1:**
>
> Admit that you signed the offer letter dated July 8, 2022, and attached hereto as Exbibit "A".
>
> Admit.
>
> **REQUEST FOR ADMISSION NO. 2:**
>
> Admit that you did not enter into a written employment contract with Normal Life of Lafayette, Inc. for a specified term of employment.
>
> Admit.
>
> **REQUEST FOR ADMISSION NO. 3:**
>
> Admit that Normal Life of Lafayette, Inc. did not guarantee employment for any specific period of time.
>
> Admit.
>
> **REQUEST FOR ADMISSION NO. 4:**
>
> Admit that you did not suffer any damages as a result of any act or omission of Normal Life of Lafayette, Inc.
>
> Denied, I lost wages as a result of being fired and mental anguish.
>
> **REQUEST FOR ADMISSION NO. 5:**
>
> Admit that you have no damages as a result of the matters set forth in you Petition for Damages.
>
> Denied, I lost wages as a result of being fired and mental anguish.

(Rec. Doc. 18-2 at pp. 1-2).

Bethel's proposed responses indicate that he seeks amendment as to two requests pertaining to damages. His complaint alleges the following damages:

> A. Mental pain and anguish, past, present, and future.
> B. Loss of income, earnings, and earnings capacity, past, present, and future.
> C. Such other damages, the form and substance of which will be more fully shown at the trial on the merits of these proceedings and revealed during discovery herein.

(Rec. Doc. 1-2 at ¶ 4).

Although not addressed in Bethel's motion, the undersigned observes that counsel's unexplained failure to answer discovery was the direct cause of the admissions he now seeks to withdraw. Bethel's answers to the subject discovery were due on February 7, 2024. FED. R. CIV. P. 36(a)(3). Normal Life did not file its motion for summary judgment, relying expressly upon the deemed admissions, until March 26, 2024, indicating that Bethel could have responded to the discovery past the deadline and prior to the filing of Normal Life's motion. (Rec. Doc. 15). Moreover, Bethel does not show a good faith effort to obtain an extension from opposing counsel. In all, Bethel's counsel has not shown that the admissions were the result of excusable neglect. Again, the motion fails to address this issue altogether.

Bethel argues that withdrawal of the admissions regarding damages will permit the merits of his claim to be presented to the trier of fact and that no prejudice to Normal Life will result since as dispositive motions may be filed until August 19, 2024. (Rec. Doc. 18 at p. 2). Normal Life's opposition essentially asserts that, whether or not the Court permits withdrawal of Bethel's admissions regarding damages, his claims fail as a matter of law. (Rec. Doc. 22 at p. 2). This Court agrees that the withdrawal of admissions as to Request for Admission Nos. 4 and 5 would not result in prejudice to Normal Life's pending Motion for Summary Judgment. This Court accepts as true, without reaching the merits of Normal

Life's underlying Motion for Summary Judgment, Bethel's contention that permitting withdrawal of these two admissions furthers the submission of the case to the fact-finder and notes Normal Life's argument that permitting withdrawal does not change its entitlement to judgment on the merits as argued in its motion. Lastly, this Court notes that Bethel's admission by operation of Rule 36(b) contradicts his claim for damages found within the Complaint. (Rec. Doc. 1-2 at ¶ 4).

Considering the foregoing, it is hereby

ORDERED that Ray Anthony Bethel's MOTION TO WITHDRAW DEEMED ADMISSIONS (Rec. Doc. 18) is GRANTED IN PART such that Bethel will be permitted to withdraw the deemed admissions as to Requests for Admission Nos. 4 and 5. The motion is DENIED IN PART as to all other admissions.

SO ORDERED this 25th day of June, 2024 at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**