UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RAY ANTHONY BETHEL | CASE NO. 6:23-CV-01156 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| BRIGHTSPRING HEALTH-RESCARE OF LAFAYETTE, ET AL. | MAGISTRATE JUDGE DAVID J. AYO |

RULING

Before the Court is a Motion for Summary Judgment submitted by Defendant Normal Life of Lafayette, Inc., whereby Defendant seeks dismissal of the claims brought against it by Plaintiff Ray Anthony Bethel for unlawful termination of Plaintiff's employment.[1] Plaintiff opposes the motion, and Defendant has filed a reply.[2] For the reasons that follow, the motion is GRANTED.

I.
BACKGROUND

Defendant is a corporation licensed by the Louisiana Department of Health to provide services to citizens with developmental disabilities.[3] Plaintiff received a written offer of employment from Defendant for the position of maintenance technician, with a start date of July 5, 2022.[4] The offer letter states in pertinent part:

> On behalf of ResCare Community Living and our management team, I would like to extend to you a formal offer for the full-time position of MAINTENANCE TECHNICIAN, . . . with a tentative start date effective 7/5/2022. The components of your job offer are listed below:

---

[1] ECF No. 15.
[2] ECF Nos. 19, 24.
[3] ECF No. 15-1 at 2.
[4] ECF No. 22-1 at 4; ECF No. 19 at 1; *see also* ECF No. 1 at 2.

> . . . .
>
> This offer is contingent on a satisfactory background check (and drug test if required). . . . If we allow you to begin work before we are able to finish your background check (and drug test, if required), we still intend to finish the check and tests later. . . . Therefore, if you begin work, please know that your continued employment will be contingent on a satisfactory background check (and drug test, if required). . . .
>
> This letter is intended to outline our job offer to you and does not constitute an employment contract between you and the company. Unless you are asked to sign an employment agreement, in which case the employment agreement governs the terms and conditions of your employment, your employment is at-will.[5]

Plaintiff agrees that he signed the offer letter and affirms that his employment was "at will."[6] He began working for Defendant on or about July 5, 2022.[7]

On July 8, 2022, Defendant received the results of Plaintiff's criminal background check.[8] Defendant terminated Plaintiff's employment on July 15, 2022, "due to the results of his background check."[9] Thereafter, Plaintiff filed this suit, asserting his termination was unlawful under the "Louisiana Fair Chance Law" of 2021, La. R.S. 23:291.2, which restricts an employer's consideration of an applicant's criminal history in its hiring decisions. Specifically, Plaintiff contends Defendant terminated his employment due to prior criminal charges which had been dismissed, thereby violating La. R.S. 23:291.2.[10] Defendant now

---

[5] ECF No. 22-1 at 4–5.
[6] ECF No. 19 at 4; ECF No. 18-2 at 1.
[7] ECF No. 15-4 at 1.
[8] *Id.*
[9] *Id.*; *see also* ECF No. 19-1 at 1.
[10] According to the Complaint, Plaintiff was advised by Ms. Latoya Green, a Human Resource Specialist, that he was being terminated because his background check showed that he had been charged with aggravated burglary and simple kidnapping. ECF No. 1-2 at 2. Three days later, Plaintiff "delivered his first offender pardon to Ms. Green," and called the District Attorney in Ms. Green's presence, who advised "that those charges were dismissed." *Id.* at 2. The following day, Plaintiff delivered a document to Ms. Green evidencing that the charges were dismissed. *Id.* Nevertheless, Defendant terminated Plaintiff's employment. *Id.*; *see also* ECF Nos. 19 at 1, 19-1 at 1. The Court notes that in light of Plaintiff's reference to a "first

moves for summary judgment, arguing because Plaintiff's employment was "at-will," his claim must fail.

## II.
### LEGAL STANDARD

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[11] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[12] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[13]

The opposing party may not create a genuine dispute simply by alleging that a dispute exists. Rather, the opponent must cite "to particular parts of materials in the record," or show that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[14] When reviewing a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted

---

offender pardon," it would appear that he has a criminal conviction, in addition to the criminal charges he argues were dismissed. *See* La. R.S. 15:572(B)(1).
[11] FED. R. CIV. P. 56(a).
[12] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[13] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (internal citations omitted).
[14] FED. R. CIV. P. 56(c)(1); *see also id.* at (c)(3) (the court need only consider the cited materials, although it is permitted to consider other materials in the record as well).

and unimpeached."[15] Credibility determinations, assessments of the probative value of the evidence, inferences drawn from the facts and the like are not to be considered on summary judgment, as those are matters to be decided by the factfinder at trial.[16]

### III.
### LAW AND APPLICATION

"The employer-employee relationship is a contractual relationship."[17] The employer and employee may negotiate and agree to any terms in their contract that are not prohibited by law or public policy.[18] Under Louisiana law, "employment contracts are either limited term or terminable at will."[19] When an employment contract does not provide for a limited term, the civil code provides the default rule of employment at will: "A man is at liberty to dismiss a hired servant attached to his person or family, without assigning any reason for so doing. The servant is also free to depart without assigning any cause."[20] Thus, generally an employer can dismiss an at-will employee at any time for any reason without incurring liability, "provided the termination does not violate any statutory or constitutional provision."[21] For example, an employer cannot terminate an employee because of his or her race, sex, or religious beliefs, nor for exercising certain statutory rights, such as bringing a workers' compensation claim or

---

[15] *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 373 (5th Cir. 2001).
[16] *See e.g. Man Roland, Inc. v. Kreitz Motor Exp., Inc.*, 438 F.3d 476, 478 (5th Cir. 2006); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).
[17] *Hayes v. Univ. Health Shreveport, LLC*, 2021-01601, p. 6 (La. 1/7/22); 332 So.3d 1163, 1168 (quoting *Quebedeaux v. Dow Chem. Co.*, 01-2297, p. 4 (La. 6/21/02); 820 So.2d 542, 545).
[18] *Id.*
[19] *Read v. Will Woods Cmty.*, 2014-1475, p. 4 (La. 3/17/15); 165 So.3d 883, 887; *see also* La. Civ. Code arts. 2746, 2747.
[20] La. Civ. Code art. 2747; *see also Hayes* at 1169 (Louisiana's default rule of employment at will has been in the Civil Code since 1808—over 200 years); *Quebedeaux* at 545; *Read* at 887.
[21] *Wallace v. Shreve Mem'l Library*, 79 F.3d 427, 429 (5th Cir. 1996) (quoting *Gilbert v. Tulane University*, 909 F.2d 124, 125 (5th Cir. 1990)); *Quebedeaux* at 545; *Read* at 887.

reporting certain illicit activities.[22] "Aside from [these limited] federal and state statutory exceptions, there are no broad policy considerations creating exceptions to employment at will."[23]

Here, Plaintiff admits that his employment was at will, but argues his termination was unlawful based upon La. R.S. 23:291.2(A), which provides as follows:

> A. Unless otherwise provided by law, when making a hiring decision, an employer shall not request or consider an arrest record or charge that did not result in a conviction, if such information is received in the course of a background check.
>
> B. When considering other types of criminal history records, an employer shall make an individual assessment of whether an applicant's criminal history record has a direct and adverse relationship with the specific duties of the job that may justify denying the applicant the position. When making this assessment, an employer shall consider all of the following:
>
> (1) The nature and gravity of the offense or conduct.
>
> (2) The time that has elapsed since the offense, conduct, or conviction.
>
> (3) The nature of the job sought.
>
> C. Upon written request by the applicant an employer shall make available to the applicant any background check information used during the hiring process.

According to Plaintiff, because his termination was based upon an "arrest for Aggravated Burglary and Kidnapping," *i.e.*, charges that purportedly were dismissed, his termination was

---

[22] *See e.g.* 42 U.S.C. § 2000e-2 (prohibiting employment discrimination based on an "individual's race, color, religion, sex, or national origin"); La. R.S. 23:332 (prohibiting employment discrimination based on an "individual's race, color, religion, sex, national origin, or natural, protective, or cultural hairstyle"); La. R.S. 23:1361 (prohibiting adverse employment actions due to an individual having asserted a claim for workers' compensation benefits); La. R.S. 30:2027 (prohibiting retaliatory employment actions against an employee who reports an employer's environmental violations); La. R.S. 23:967(A) (prohibiting employers from taking retaliatory actions against employees who disclose, provide information, or refuse to participate in an employment practice that is in violation of law); La. R.S. 23:968 (prohibiting retaliatory employment actions against an employee who reports to law enforcement the sexual abuse of a minor by a co-worker, supervisor or subordinate).
[23] *Hayes* at 1169 (alteration in original) (quoting *Quebedeaux* at 546).

unlawful.[24] Thus, whether Plaintiff has a cause of action depends on whether La. R.S. 23:291.2(A) limits an employer's right to terminate an at-will employee based upon an arrest that did not result in a conviction.

Nothing in La. R.S. 23:291.2 indicates that it provides an employee or prospective employee with a right of action, and Plaintiff has not identified any other statute providing him with a right of action based upon Defendant's alleged use of his arrest record in its hiring decision.[25] Indeed, a different provision of Title 23, Chapter 3—section 291—appears to provide broad immunity to employers who conduct background checks on employees and prospective employees. Specifically, La. R.S. 23:291(D)(1) provides:

> Any employer who has conducted a background check of an employee or prospective employee after having obtained written consent from the employee or prospective employee . . . shall be immune from civil liability for any and all claims arising out of the disclosure of the background information obtained. *This limitation of liability shall extend to all claims of the employee based upon a failure to hire, wrongful termination*, and invasion of privacy, as well as all claims of any owner, operator, or any third person for claims of negligent hiring or negligent retention.[26]

Plaintiff has failed to identify any statute providing him with a right of action for termination of his employment based upon Defendant's consideration of his arrest record, and the Court cannot recognize an exception to Louisiana's at-will employment doctrine in the absence of such legislation.

---

[24] ECF No. 19 at 4; *see also* ECF No. 1-2 at 2-3.
[25] The Court notes the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq.*, does not include violations of La. R.S. 23:291.2 within the scope of its protections. The LEDL authorizes suits for discriminatory acts set forth in Title 23, Chapter 3-a ("Prohibited Discrimination in Employment"). *See* La. R.S. 23:303(A). The prohibition against consideration of arrest records for prospective employees is found in Title 23, Chapter 3 ("Employment Standards and Conditions"). *See* La. R.S. 23:291.2.
[26] La. R.S. 23:291(D)(1) (emphasis added); *see also* Rick J. Norman, *Background checks—General*, La. Prac. Employment Law § 2:8 (Dec. 2023 update).

## IV.
### CONCLUSION

For the reasons set forth, the Court finds no exception to Louisiana's at-will employment doctrine applies in this matter. Accordingly, the Motion for Summary Judgment submitted by Defendant Normal Life of Lafayette, Inc. is GRANTED, and all claims asserted against it by Plaintiff Ray Anthony Bethel are DISMISSED WITH PREJUDICE.

THUS DONE in Chambers on this ___6th___ day of November, 2024.

                                                                  ROBERT R. SUMMERHAYS
                                                               UNITED STATES DISTRICT JUDGE